# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| TIPHANIE BEEHLER, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.  3:19-CV-569 |
| | ) |
| MARIA ROSA CATALDO, LLC d/b/a | ) |
| BRUNO'S PIZZA, BRUNO'S PIZZA, | ) |
| JOHN CATALDO, and ROSA CATALDO, | ) |
| | ) |
|     Defendants. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Tiphanie Beehler ("Beehler"), by counsel, brings this action against Defendants, Maria Rosa Cataldo, LLC ("Company"), Bruno's Pizza ("Bruno's"), John Cataldo ("John"), and Rosa Cataldo ("Rosa", collectively "Defendants"), and shows as follows:

## OVERVIEW

1. Defendants failed to pay Beehler in accordance with the minimum and/or overtime wage requirements of the Fair Labor Standards Act ("FLSA"), as well as the wage and hour requirements under Indiana state law.  Specifically, Defendants failed to: (1) pay Beehler for all hours she worked, including regular hours and (2) pay Beehler the applicable minimum wage for periods of time over the last two (2) years.  Moreover, Defendants failed to pay Beehler wages she earned as required by the Indiana Wage Payment Statute and violated Indiana Garnishment Law to the extent it withheld her wages, including tips, in a manner not in accordance with Indiana law.

## **PARTIES**

2. Beehler is an individual who resides in South Carolina. Defendants employed Beehler within the meaning of the FLSA within the three-year period preceding the filing of this complaint out of South Bend, Indiana. At all times hereinafter mentioned, Beehler was an employee as defined by 29 U.S.C. § 203(e)(1).

3. Company is an Indiana domestic corporation located in South Bend, Indiana. Company is an "employer" within the meaning of 29 U.S.C. § 203(d).

4. Bruno's is an Indiana domestic corporation located in South Bend, Indiana. Company is an "employer" within the meaning of 29 U.S.C. § 203(d).

5. John is an owner, member and/or officer of Company and/or Bruno's. In this capacity, John is involved in the day-to-day operations of Company and/or Bruno's. John has the authority to make decisions regarding wage and hour issues. At all relevant times, John had responsibility to act on behalf of, and in the interest of, Company and/or Bruno's in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Beehler. As a result, John is an "employer" within the meaning of 29 U.S.C. § 203(d).

6. Rosa is an owner, member and/or officer of Company and/or Bruno's. In this capacity, Rosa is involved in the day-to-day operations of Company and/or Bruno's. Rosa has or had the authority to make decisions regarding wage and hour issues. At all relevant times, Rosa had responsibility to act on behalf of, and in the interest of, Company and/or Bruno's in devising, directing, implementing, and supporting the wage and hour practices and policies relating to Beehler. As a result, Rosa is an "employer" within the meaning of 29 U.S.C. § 203(d).

7. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). They have engaged in interstate commerce.

## JURISDICTION

6. This Court has jurisdiction over Defendants pursuant to 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Beehler's Indiana state law claims pursuant to 28 U.S.C. §1367 as they arise from the same common nucleus of operative fact.

## VENUE

7. Venue is proper in the Northern District of Indiana pursuant to 28 U.S.C. §1391.

## FACTS

8. Defendants hired Beehler on or about February 1, 2017. Beehler was a server.

9. Beehler's resigned her employment on or about June 15, 2018.

10. Beehler was a tipped employee. Defendants not only withheld payment of wages to Beehler, but also garnished some of the tips she earned during the course of performing her duties.

11. As a result of non-payment and garnishment of wages, on one or more occasions Beehler was paid less than the applicable minimum or overtime wages proscribed by federal and Indiana law.

12. Beehler never signed a garnishment agreement with Defendants.

13. Defendants' garnishments of Beehler's wages sometimes exceeded 25% of her total gross pay.

14. Defendants, an in particular John, has both acknowledged their debt to Beehler and made promises to pay her the balance of wages due to her.  Nevertheless, Defendants still owe Beehler wages prompting the filing of this lawsuit.

15. Beehler has been financially harmed as a result of Defendants' actions.

## COUNT I:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

16. Beehler hereby incorporates paragraphs one (1) through fifteen (15) of her complaint as if the same were stated herein.

17. During the relevant time period, Defendants failed to pay Beehler minimum and overtime wages in violation of 29 U.S.C. §§ 206 and 207.

18. Beehler has suffered harm as a result of Defendants' unlawful conduct.

19. Defendants' actions were intentional, willful, and in reckless disregard of Beehler's rights as protected by 29 U.S.C. §§201 *et. seq*. and 215(a)(3).

## COUNT II: FAILURE TO PAY WAGES IN ACCORDANCE WITH INDIANA STATE LAW

20. Beehler hereby incorporates paragraphs one (1) through nineteen (19) of her complaint as if the same were stated herein.

21. During the relevant time period, Defendants violated the provisions of Indiana Code §22-2-5 *et. seq.* by failing to pay Beehler the wages she earned.

22. Beehler has suffered harm as a result of Defendants' unlawful conduct.

## COUNT III:  VIOLATION OF INDIANA WAGE PAYMENT STATUTE

23. Beehler hereby incorporates paragraphs one (1) through twenty-two (22) of her complaint as if the same were stated herein.

24. Defendants failed to pay Plaintiff his wages in a timely fashion as defined by IC 22-2-5-1 et. seq.

25. Plaintiff was Defendants' employee.

26. Plaintiff earned and Defendants owe her wages which have not been paid.

27. Plaintiff have been harmed by Defendants' unlawful conduct.

28. Plaintiff is entitled to damages as set forth in IC 22-2-5-2.

### COUNT IV:  VIOLATION OF INDIANA WAGE GARNISHMENT LAW

29. Beehler hereby incorporates paragraphs one (1) through twenty-eight (28) of her complaint as if the same were stated herein.

30. Indiana law requires Defendants to follow the requirements of IC 22-2-6-2 to provide for a legally valid garnishment.  Upon information and belief, Defendants failed to follow these statutory requirements.

31. Moreover, Defendants do not have a valid basis to garnish Beehler's wages pursuant to IC 22-2-6-2(b).

32. By withholding money from Plaintiff's checks for these unlawful garnishments, Defendant violated Indiana law.

33. Plaintiff has been harmed by Defendant's unlawful conduct.

### PRAYER FOR RELIEF

WHEREFORE, Beehler respectfully requests that the Court grant her the following relief:

a. Find Defendants in violation of the FLSA and order them to pay Beehler unpaid back wages and liquidated damages in an equal amount;

b. Find Company and Bruno's in violation of Indiana Code §§22-2-5 *et. seq.* and order them to pay Beehler her unpaid back wages, plus mandatory statutory liquidated damages;

c. Find Defendants to have made unlawful deductions in violation of Indiana law;

d. Order Defendants to pay Beehler's attorneys' fees incurred as a result of bringing this action;

  f. Order Defendants to pay Beehler's costs incurred as a result of bringing this action;

  g. An Order awarding Beehler pre-judgment and post-judgment interest at the highest rates provided for by law; and

  h. An Order granting such other and further relief as may be necessary and appropriate.

        Respectfully submitted,

        /s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)

        The Wolcott Law Firm LLC
        450 East 96th Street Suite 500
        Indianapolis, Indiana 46240
        Telephone: (317) 500-0700
        Facsimile: (317) 732-1196
        E-Mail: indy2buck@hotmail.com

        Attorney for Plaintiff

## JURY TRIAL DEMAND

  Plaintiff demands a trial by jury on all issues deemed triable.

        Respectfully submitted,

        /s/ Christopher S. Wolcott
        Christopher S. Wolcott (#23259-32)

        The Wolcott Law Firm LLC
        450 East 96th Street Suite 500
        Indianapolis, Indiana 46240
        Telephone: (317) 500-0700
        Facsimile: (317) 732-1196
        E-Mail: indy2buck@hotmail.com

        Attorney for Plaintiff